UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN D. KIDERLEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:11-cv-127-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

Steven Kiderlen challenges the validity of his conviction in the Eastern District of Missouri in *United States v. Kiderlen,* No. 4:05-cr-0721-ERW-1 (hereafter "conviction"). Mr. Kiderlen is confined in this District serving the executed portion of the sentence imposed in such action. He has commenced the present action through the filing of his *petition for void judgment-F.R.Civ.P. 60(B)(4)* (hereafter "petition"). The petition is accompanied by a number of ancillary items, some of which are addressed in this Entry.

**I.**

The form and forum Mr. Kiderlen has chosen for his petition are the first items to be considered. The *Federal Rules of Civil Procedure,* including Rules 59 and 60, do not apply in criminal proceedings. *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003). This court, moreover, is not the trial court relative to the conviction and hence is not a court in which an action brought pursuant to 28 U.S.C. § 2255 can be filed.

Treating the petition precisely as drafted and as filed, therefore, it would have to be denied for lack of jurisdiction.

**II.**

Mr. Kiderlen challenges the validity of his conviction. In doing so, he would secure his freedom. Seeking to liberate an inmate from custody involves the specialized legal remedy of habeas corpus relief. "Specialized" actually yields to the realm of the exclusive, because an action for habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973).

Because Mr. Kiderlen's petition challenges the fact and duration of his confinement, therefore, the court treats the petition as a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241. If Mr. Kiderlen does not accept this treatment of his petition, he shall have **through June 15, 2011,** in which to **either withdraw his petition or show cause** why it should not be dismissed for lack of jurisdiction.

### III.

Mr. Kiderlen's request to proceed *in forma pauperis* [3] is **granted.**

### IV.

Even treating the petition as one seeking federal habeas corpus relief, however, Mr. Kiderlen may have an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, Mr. Kiderlen shall have **through June 15, 2011,** in which to **show cause** why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Eastern District of Missouri.

### V.

Mr. Kiderlen's motion for release [5] and motion for appointment of counsel [4] are each denied for the present as premature in light of the need to determine whether the action will go forward in this District as one for habeas corpus relief.

The clerk shall include a copy of the petition and attachments [1] with the petitioner's copy of this Entry.

**IT IS SO ORDERED.**

Date: 05/25/2011

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.

Distribution:

Steven D. Kiderlen
NO. 32711-044
TERRE HAUTE - USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808