UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


STEVEN D. KIDERLEN,                )
                                   )
          Petitioner,              )
                                   )
v.                                 )      No. 2:11-cv-127-JMS-DKL
                                   )
WARDEN, United States Penitentiary,)
                                   )
          Respondent.              )


**Entry Discussing Petitioner's Omnibus Motion**

This is an action in which Steven Kiderlen, until recently an inmate at a federal prison in this District, seeks a writ of habeas corpus. Kiderlen's claims are that his custody is unlawful because of infirmities in his December 2007 conviction in the Eastern District of Missouri. The court has ordered Kiderlen's custodian to appear in the action and show cause why the relief Kiderlen seeks should not be granted. Kiderlen has also filed what he has labeled "omnibus motion," wherein he seeks various relief and which is addressed in this Entry.

Whereupon the court, having reviewed the prior filings and orders in the action, having read and examined the omnibus motion, and being duly advised, now finds that the omnibus motion [37] must be **denied**. This conclusion is based on the following facts and circumstances:

1.  Kiderlen renews his request that he be released on bond while the action is pending. This request is **denied**. Although federal judges in habeas corpus and § 2255 proceedings have inherent power to admit applicants to bail, the power is exercised very sparingly. *See Kramer v. Jenkins,* 800 F.2d 708, 709 (7th Cir. 1986); *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). The present case does not present any exceptional circumstances entitling the petitioner to his conditional release. *Cf. Martin v. Solem,* 801 F.2d 324, 330 (8th Cir. 1986) (where defendant claimed that his reincarceration was unlawful on the grounds that he had already served his sentence and had been discharged, the district court erred in granting bail pending decision of defendant's habeas corpus petition because "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding.").

2. Kiderlen seeks interim relief in the form of suspending or invalidating his conviction. However, no final adjudication has been made in this case, nor has the habeas petition been fully briefed. Kiderlen's request for that relief is therefore **denied**.

3. Kiderlen seeks the appointment of counsel.

a. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

b. Application of the foregoing factors in this case indicates that the petitioner's claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner's pro se status will be made and that the petitioner has at least thus far demonstrated an exceptional ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims, the petitioner is literate, and the petitioner seems fully aware of the proceedings involving his conviction and sentence in the Eastern District of Missouri. These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel is **denied**.

4. Kiderlen seeks either the immediate issuance of a writ of habeas corpus or the issuance of an order directing his custodian to respond to the allegations of the habeas petition. The latter step has already been taken. The request for redundant relief is **denied**.

5. Any relief which the omnibus motion could be construed as seeking which is not specifically addressed in this Entry is **denied**.

6. Kiderlen's new address is shown in the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 08/25/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven D. Kiderlen
No. 32711-044
United States Penitentiary
P.O.Box 019001
Atwater, CA 95301