**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


STEVEN D. KIDERLEN,         )
                                      )
                 Petitioner,     )
v.                               )     No. 2:11-cv-127-JMS-DKL
                                      )
WARDEN, United States Penitentiary,)
                                      )
                 Respondent.   )


**Entry Discussing Petition for a Writ of Habeas Corpus**

       Steven D. Kiderlen is confined by the Bureau of Prisons following his conviction in the United States District Court for the Eastern District of Missouri. Contending that his judgment of conviction is void, he files this petition for a writ of habeas corpus.

       Whereupon the court, having considered the habeas petition and the supplements thereto, and being duly advised, finds that Kiderlen's petition for a writ of habeas corpus must be **denied** and this action **dismissed**. This conclusion rests on the following facts and circumstances:

       1.     A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A 28 U.S.C. § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

       2.     A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as

having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3.    Kiderlen was convicted of interstate transportation of child pornography. He was sentenced to a term of imprisonment of 240 months. Kiderlen's conviction and sentence were affirmed on direct appeal. The trial court denied his motion for relief pursuant to 28 U.S.C. § 2255 in *Kiderlen v. United States*, 2010 WL 1539179 (E.D. Mo. 2010). Kiderlen attempted to appeal denial of this § 2255 motion but the trial court and the Eighth Circuit denied a certificate of appealability. Kiderlen now seeks habeas corpus relief based on his claim that his judgment is void because of alleged defects in the trial.

4.    Because his claims were presented or could have been presented to the trial court, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. They are not available for further review here. Kiderlen has not been imprisoned for a nonexistent offense; has not been sentenced above the statutory maximum; and is not factually innocent.

5.    In summary, therefore, Kiderlen has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Because he cannot obtain the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _01/20/2012_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana