# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN D. KIDERLEN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>WARDEN, United States Penitentiary,)<br>)<br>Respondent. ) | No. 2:11-cv-127-JMS-DKL |

## Entry Concerning Selected Matters

**I.**

A copy of the petitioner's statement filed on January 27, 2012 [73], shall be included with the distribution of this Entry.

**II.**

The petitioner appears to be dissatisfied with the disposition of this action for habeas corpus relief and demands his release. His filing was made within 28 days from the entry of final judgment on January 23, 2012. When considered in conjunction with its content, his statement is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Rule 59(e) encompasses reconsideration of matters decided on the merits. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the petitioner's habeas claims or the background associated with

his conviction in the Eastern District of Missouri. The court likewise did not misapply the law to those claims in light of the expanded record. Additionally, the petitioner does not rely on new evidence or on a change in the law. Accordingly, the post-judgment statement [73], treated as a motion to alter or amend judgment, is **denied.**

    **IT IS SO ORDERED.**

Date: 02/13/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Steven D. Kiderlen
No. 32711-044
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Gerald A. Coraz
United States Attorney's Office
gerald.coraz@usdoj.gov